WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Louis Joseph Cassise,

                Petitioner,

v.

Charles L. Ryan, et al.,

                Respondents.

No. CV-15-01281-PHX-PGR (ESW)

**ORDER**

       Petitioner Louis Joseph Cassise, who is confined in the Arizona State Prison Complex, Cook Unit, in Florence, Arizona, has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  The Court ordered that an answer be filed.  (Doc. 6).  A Motion for Extension of Time to File Answer to Petition for Writ of Habeas Corpus (Doc. 12) was granted, and the Court ordered that an answer be filed no later than December 17, 2015.  (Doc. 13).  On December 8, 2015, the Respondents filed a Motion for Clarification to which Petitioner responded.  (Docs. 14, 15).  On December 28, 2015, the Petitioner filed a Motion for Summary Disposition.  (Doc. 16).  The pending Motions are ripe for consideration.

## I. PROCEDURAL HISTORY

       Petitioner was convicted pursuant to a plea agreement in Maricopa County Superior Court, case number CR2012-133428, of ten counts of public sexual indecency and was sentenced to a four-year term of imprisonment followed by lifetime probation. (Doc. 1-2 at 10.)  On November 24, 2014, the trial court denied Petitioner's state petition

for post-conviction relief ("PCR").  (Doc. 1 at 34.)  Petitioner's Petition for Review from the denial of PCR is pending before the Arizona Court of Appeals.  In his Petition for Writ of Habeas Corpus, Petitioner names Charles L. Ryan and the Arizona Attorney General as Respondents.  Petitioner raises six grounds for relief.

In Ground One, Petitioner alleges that the Arizona Court of Appeals failed to timely rule on his Petition for Review from the denial of state post-conviction relief in violation of his federal due process rights and his right to a speedy disposition in violation of the Sixth Amendment.  In Ground Two, he alleges that the trial court abused its discretion in violation of his federal due process rights by denying his PCR Petition.  In Ground Three, Petitioner asserts that his conviction for multiple offenses violated his Fifth Amendment double jeopardy rights.  In Ground Four, Petitioner alleges that Counts 1 and 2 were aggravated and multiplicitous in violation of his Fifth Amendment double jeopardy rights.  In Ground Five, Petitioner asserts that lifetime probation and requiring him to register as a sex offender violated his federal due process and double jeopardy rights.  In Ground Six, Petitioner alleges that his federal due process rights were violated by the severity of his sentences, gross misrepresentations, and unethical judicial conduct.

Because the Arizona Court of Appeals has not yet ruled on Petitioner's Petition for Review, the Court granted Respondents an extension of time within which to answer or otherwise respond to Petitioner's Writ of Habeas Corpus.

## II. LEGAL STANDARDS

For over one hundred years, it has been settled that a "state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts."  *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("It has been settled since *Ex parte Royall*, 117 U.S. 241, 6 S. Ct. 734, 29 L.Ed. 868 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus.").  The rationale for the doctrine relates to the policy of federal-state comity.  *Picard*, 404

U.S. at 275 (1971).   The comity policy is designed to give a state the initial opportunity to review and correct alleged federal rights violations of its state prisoners.  *Id*.   In the U.S. Supreme Court's words, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation."  *Darr v. Burford*, 339 U.S. 200, 204 (1950); *see also Reed v. Ross*, 468 U.S. 1, 11 (1984) ("[W]e have long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power.") (citations and internal quotation marks omitted).

The exhaustion doctrine is codified at 28 U.S.C. § 2254.   That statute provides that a habeas petition may not be granted unless the petitioner has (i) "exhausted" the available state court remedies; (ii) shown that there is an "absence of available State corrective process"; or (iii) shown that "circumstances exist that render such process ineffective to protect the rights of the applicant."   28 U.S.C. § 2254(b)(1).

A district court has the discretion to stay a habeas petition that contains both exhausted and unexhausted claims.  *Rhines v. Weber*, 544 U.S. 269 (2005); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).   Regarding petitions containing only unexhausted claims, the Ninth Circuit Court of Appeals has explained that "[o]nce a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further . . . . Instead, it may simply dismiss the habeas petition for failure to exhaust."  *Rasberry*, 448 F.3d at 1154.

## III. DISCUSSION

### 1. Motion for Clarification (Doc. 14)

Respondents request that the Court stay its deadline for Respondents to answer Petitioner's Petition for Writ of Habeas Corpus until forty days after Petitioner advises this Court of the conclusion of his state court proceedings.  Respondents respectfully suggest that the Court mistakenly ordered a flat forty day extension of time within which to

answer the Petition for Writ of Habeas Corpus because of the form of the order provided for the Court's ruling. The flat forty day extension of time, however, was intentional.

Petitioner filed his Petition for Review of the trial court's denial of his PCR Petition with the Arizona Court of Appeals on December 22, 2014. (Doc. 12-2 at 104). The Petition for Review was fully briefed as of February 15, 2015. (*Id.* at 104-105). Petitioner filed several Motions for Accelerated Disposition with the Arizona Court of Appeals, all of which have been denied. (*Id.*) Petitioner soon thereafter filed his Petition for Writ of Habeas Corpus.

It is undisputed that Grounds Two through Six of Petitioner's Petition for Writ of Habeas Corpus were raised in his state court proceedings and have not yet been decided.[1] Because Petitioner's of-right PCR proceedings are still pending, the limitations period under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") has not commenced.[2] The Court deems the Respondents' Motion for Clarification of the Court's Order (Doc. 13) to be a request to stay this federal habeas proceeding. The Court does not find good cause to stay this six-month old case pending completion of Petitioner's state

---

[1] Ground One is not a cognizable claim in a federal habeas proceeding. Ground One alleges that the Court of Appeals' delay in deciding Petitioner's PCR denial violates Petitioner's due process and Sixth Amendment rights. "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989) (holding that delay of over one year in court's adjudication of PCR petition does not constitute an attack on the prisoner's detention and is not a proper ground for habeas relief); *see also Gerlaugh v. Steward*, 129 F.3d 1027, 1045 (9th Cir. 1997) (finding that attempt to elevate alleged errors in PCR process to federal constitutional status fails). Alternatively, Petitioner has requested a waiver of the exhaustion requirement in Ground One.

[2] In this case, it appears that the relevant triggering event for purposes of the one year statute of limitations under AEDPA is the date on which Petitioner's judgment became "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Typically "direct review" means a defendant's direct appeal following his or her convictions and sentencing. Under Ninth Circuit case law, an Arizona defendant's of-right PCR proceeding is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A). *See Summers v. Schriro*, 481 F.3d 710, 711, 716-17 (9th Cir. 2007). Therefore, when an Arizona petitioner's PCR proceeding is of-right, AEDPA's statute of limitations does not begin to run until the conclusion of review or the expiration of the time for seeking such review. *See id.*

court of-right PCR proceedings.  Therefore, the Motion for Clarification will be granted and the request to stay the proceedings will be denied.

**2. Motion for Summary Disposition (Doc. 16)**

Petitioner seeks summary disposition of his Petition for Writ of Habeas Corpus because Respondents did not file an answer by December 17, 2015.   However, Respondents did file a Motion for Clarification on December 8, 2015, seeking clarification of the Court's Order requiring that an answer be filed by December 17, 2015.  The Court finds that Respondents have not failed to answer.  Respondents cautiously and timely sought clarification regarding whether an answer is required at this time.   Summary disposition under the circumstances is not appropriate.  The Court will deny Petitioner's Motion for Summary Disposition.

### IV. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** granting the Motion for Clarification. (Doc. 14).

**IT IS FURTHER ORDERED** denying the request to stay the proceedings.

**IT IS FURTHER ORDERED** denying the Motion for Summary Disposition. (Doc. 16).

**IT IS FURTHER ORDERED** that Respondents must answer the Petition for Writ of Habeas Corpus (Doc. 1) by February 26, 2016.  To the extent that Respondents may request leave to file a dispositive motion in place of an answer, the request is granted.[3]

Dated this 26th day of January, 2016.

_____
Eileen S. Willett
United States Magistrate Judge

---

[3] The Court's September 15, 2015 Order (Doc. 6 at 3) stated that "Respondents must not file a dispositive motion in place of an answer . . . ."