# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louis Joseph Cassise,<br><br>               Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>               Respondents. | No. CV-15-01281-PHX-PGR (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE PAUL G. ROSENBLATT, UNITED STATES SENIOR DISTRICT JUDGE:**

Pending before the Court is Louis Joseph Cassise's ("Petitioner") Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) (the "Petition"). Respondents have filed a "Motion to Dismiss Habeas Petition for Containing Only Unexhausted Claims" (Doc. 19). Petitioner has responded (Doc. 21), and Respondents have replied (Doc. 22). With leave of Court, Petitioner filed a "Supplement to Petioner's [sic] Response to Motion to Dismiss Habeas Petition" (Doc. 25). Respondents filed a Supplemental Reply (Doc. 26).

The Petition contains six grounds for relief. The parties agree that none of the six grounds have been exhausted in state court. For the reasons set forth herein, it is recommended that the Court dismiss the Petition without prejudice.

## I. BACKGROUND

On September 17, 2013, Petitioner signed a plea agreement in which Petitioner agreed to plead guilty to ten counts of public sexual indecency in violation of Arizona law. (Doc. 12-2 at 10-12). The trial court accepted Petitioner's guilty pleas and entered judgment accordingly. (*Id*. at 14-17, 19-27). The trial court sentenced Petitioner to consecutive two-year terms of imprisonment on two counts and concurrent terms of lifetime probation on the remaining counts. (*Id*. at 21-23).

In January 2014, Petitioner filed a Notice of Post-Conviction Relief ("PCR"). (*Id*. at 29-33). Petitioner's appointed PCR counsel could not find a colorable claim for PCR relief. (*Id*. at 35-37). Petitioner filed a pro se PCR Petition, which the trial court denied on November 25, 2014. (*Id*. at 39-63, 92).

On December 22, 2014, Petitioner filed a Petition for Review in the Arizona Court of Appeals seeking review of the trial court's denial of the PCR Petition. (*Id*. at 94). The Petition for Review became fully briefed on February 13, 2015. (Attachment 1). As of the date of this Report and Recommendation, the Arizona Court of Appeals has not ruled on the Petition for Review.[1] (*Id*.).

On July 9, 2015, Petitioner initiated this federal habeas proceeding. (Doc. 1). The Court ordered Respondents to answer the Petition. (Doc. 6). Respondents requested that the Court extend the answer deadline until forty days after the Arizona Court of Appeals rules on Petitioner's Petition for Review. (Doc. 12, 14). The Court denied the request. (Doc. 17). In February 2016, Respondents filed the Motion to Dismiss (Doc. 19). Petitioner filed a Response (Doc. 21), and Respondents replied on February 17, 2016 (Doc. 22). In March 2016, the Court granted Petitioner's request for leave to supplement his Response. (Doc. 23, 24). On April 11, 2016, Petitioner filed his

---

[1] The case number of Petitioner's appellate case is 1 CA-CR 14-0852 PRPC. Case information is available online at http://apps.supremecourt.az.gov/aacc/1ca/1cacase.htm.

"Supplement to Petitioner's Response" (Doc. 25). Respondents filed a Supplemental Reply on April 15, 2016 (Doc. 26).

## II. DISCUSSION

The Court's September 15, 2015 Order details Petitioner's six grounds for habeas relief as follows:

> In Ground One, Petitioner alleges that the Arizona Court of Appeals failed to timely rule on his petition for review from the denial of state post-conviction relief in violation of his federal due process rights and his right to a speedy disposition in violation of the Sixth Amendment. In Ground Two, he alleges that the trial court abused its discretion in violation of his federal due process rights by denying his state petition for post-conviction relief. In Ground Three, Petitioner asserts that his conviction for multiple offenses violated his Fifth Amendment double jeopardy rights. In Ground Four, Petitioner alleges that counts 1 and 2 were aggravated and multiplicitous in violation of his Fifth Amendment double jeopardy rights. In Ground Five, Petitioner asserts that lifetime probation and requiring him to register as a sex offender violated his federal due process and double jeopardy rights. In Ground Six, Petitioner alleges that his federal due process rights were violated by the severity of his sentences, gross misrepresentations, and unethical judicial conduct.

(Doc. 6 at 2). Based on the following discussion, the undersigned concludes that the Court should dismiss the Petition (Doc. 1).

### A. *Younger* Abstention Doctrine

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court generally cannot interfere with pending state criminal proceedings. This holding, commonly referred to as the "*Younger* abstention doctrine," is based on the principle of federal-state comity. *See id*. at 44; *Miofsky v. Superior Court*, 703 F.2d 332, 336 (9th Cir. 1983) ("The *Younger* doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws."). The *Younger* abstention doctrine applies to both trial and direct appeal proceedings. *See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989)

("For *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as sovereign."); *Huffman v. Pursue, Ltd. v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) ("[A] necessary concomitant of *Younger* is that a party [wishing to contest in federal court the judgment of a state judicial tribunal] must exhaust his state appellate remedies before seeking relief in the District Court . . . ."); *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("Our reading of [*Younger*] convinces us that only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts"); *Roberts v. Dicarlo*, 296 F.Supp.2d 1182, 1184-85 (C.D. Cal. 2003) (dismissing federal habeas petition pursuant to *Younger* abstention doctrine when the petitioner filed his federal habeas petition while state court direct appeal was pending).

*Younger* abstention is required when the following three factors are met: (i) state proceedings are ongoing, (ii) the state proceedings implicate important state interests, and (iii) the state proceedings afford an adequate opportunity to pursue federal claims in the ongoing state proceeding. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799-801 (9th Cir. 2001).

If the *Younger* factors are satisfied, a federal court must not interfere with the ongoing state proceeding unless extraordinary circumstances exist, such as a threat of irreparable injury that is "both great and immediate." *Younger*, 401 U.S. at 46 ("even irreparable injury is insufficient unless it is 'both great and immediate'") (citation omitted). Extraordinary circumstances may also include bad faith or harassment on the part of the state. *Middlesex County Ethics Comm.*, 457 U.S. at 437 (holding that *Younger* abstention was required where there "no bad faith, harassment, or other exceptional circumstances dictate[d] to the contrary"). The Ninth Circuit has found extraordinary circumstances where a defendant is facing retrial and federal intervention is necessary to

prevent a violation of the Double Jeopardy Clause. *Mannes v. Gillespie*, 967 F.2d 1310 (9th Cir. 1992); *Hartley v. Neely*, 701 F.2d 780, 781 (9th Cir. 1983). "The Fifth Amendment's protection against double jeopardy . . . 'is not against being twice punished, but against being twice put in jeopardy.'" *Mannes*, 967 F.2d at 1312 (quoting *United States v. Ball*, 163 U.S. 662, 669 (1896)). Hence, "full vindication of the right necessarily requires intervention before trial . . . ." *Id.* (citing *Hartley*, 701 F.2d at 781).

All three *Younger* factors are satisfied in this case. First, it is undisputed that Petitioner's of-right PCR proceeding is ongoing.[2] Second, the State of Arizona has an important interest in assessing and correcting violations of a defendant's rights. Finally, Petitioner has been afforded an adequate state forum to pursue his federal claims. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (a federal court should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary"). A ruling on the merits of Petitioner's habeas claims would have the practical effect of enjoining the state proceedings to the extent the Arizona Court of Appeals might address the claims.

Because the three *Younger* factors have been met, the Court must abstain from intervening in the PCR proceeding unless extraordinary circumstances exist. Although the Petition for Review was filed in December 2014 and has been ripe for decision since February 2015, an ordinary delay in appellate review does not establish extraordinary circumstances.[3]

---

[2] Some courts have held that *Younger* abstention is not necessary where the pending state proceeding is not a direct appeal, but a state post-conviction proceeding. *Al Saud v. Ryan*, CV-15-0849-PHX-SPL (JFM), 2015 WL 10097522, at *3 (D. Ariz. Nov. 3, 2015); *Smith v. Williams,* No. 2:12-cv-00952-MMD-VCF, 2013 WL 1501583, at *2 (D. Nev. April 13, 2013). However, an of-right PCR proceeding is functionally equivalent to a direct appeal. *State v. Ward*, 118 P.3d 1122, 1126 (Ariz. Ct. App. 2005) (concluding that an of-right PCR proceeding is the "functional equivalent of a direct appeal"); *Summers v. Schriro*, 481 F.3d 710, 711, 716-17 (9th Cir. 2007) (treating an of-right PCR proceeding as a form of direct review). Accordingly, the *Younger* abstention doctrine applies to Petitioner's of-right PCR proceeding.

[3] Section II(B)(1) below rejects Petitioner's argument that the delay constitutes a due process violation.

Further, Petitioner is not facing trial on charges that might be barred by the Double Jeopardy Clause. Federal intervention is not necessary to prevent the possibility of great and immediate irreparable harm. *See Mannes*, 967 F.2d at 1313 ("Because Mannes faced the possibility of irreparable injury if forced to stand trial on murder charges that might be barred by the Double Jeopardy Clause, the district court properly heard her petition."). Moreover, federal intervention is not appropriate because Petitioner's claims are not exhausted. *See id.* at 1312 (discussing petitioner's exhaustion of state remedies regarding claim that retrial violated the Double Jeopardy Clause and stating that "[s]ince Mannes exhausted state remedies on her double jeopardy claim, the district court had jurisdiction to hear her petition under 28 U.S.C. § 2254"); *Hartley,* 701 F.2d at 781 ("[W]e are convinced that a petitioner in state custody can only be assured freedom from double jeopardy by giving him access to habeas review prior to a second trial. We therefore hold that pretrial habeas corpus review is appropriate in those cases where, as here, all other state remedies were exhausted.").

In sum, the record does not show that Petitioner will suffer great and immediate irreparable harm if the Court abstains from interfering with the PCR proceeding. Nor does the record show any other extraordinary circumstance that may justify such interference, such as bad faith or harassment on the part of the state. *Middlesex County Ethics Comm.*, 457 U.S. at 437. The undersigned concludes that the *Younger* abstention requires that the Petition (Doc. 1) be dismissed.[4] *World Famous Drinking Emporium, Inc.*

---

[4] The *Younger* abstention doctrine still would apply even if the Arizona Court of Appeals decided the Petition for Review prior to the Court's ruling on this Report and Recommendation. As the Ninth Circuit has stated, "the critical question is not whether the state proceedings are still 'ongoing,' but whether 'the state proceedings were underway before initiation of the federal proceedings.'" *Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir.1987) (quoting *Fresh Int'l Corp. v. Agricultural Labor Relations Bd.*, 805 F.2d 1353, 1358 (9th Cir.1986) (focusing on the time that the federal action was initiated and ignoring that the state court proceeding was subsequently remanded)); *Wiener v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994) ("To decide whether there was a pending state judicial proceeding within *Younger,* we focus on the status of the state court proceeding at the time of the district court's decision rather than on its *current* status on appeal.").

- 6 -

*v. City of Tempe*, 820 F.2d 1079, 1081 (9th Cir. 1987) ("When a case falls within the proscription of *Younger*, a district court must dismiss the federal action."). The next section explains that dismissal of the Petition (Doc. 1) is also required by the exhaustion-of-remedies doctrine.

### B. Exhaustion-of-State-Remedies Doctrine

It has been settled for over a century that a "state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("It has been settled since *Ex parte Royall*, 117 U.S. 241, 6 S. Ct. 734, 29 L.Ed. 868 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."); 28 U.S.C. § 2254(b)(1). Similar to the *Younger* abstention doctrine, the exhaustion requirement is rooted in the principle of federal-state comity. *Picard*, 404 U.S. at 275.

If an appeal or collateral-review proceeding is pending in state court, a petitioner has not exhausted his state remedies until the completion of those proceedings. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). Except for cases involving a life sentence or the death penalty, "claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." *Castillo v. McFadden*, 399 F.3d 993, 998 n. 3 (9th Cir. 2004) (quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

"Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Although a federal court may excuse the exhaustion requirement in certain limited circumstances, none of those circumstances exist in this case.[5]

---

[5] Petitioner incorrectly asserts that *Menna v. NY*, 423 U.S. 61 (1975) holds that a federal court may excuse the exhaustion requirement in cases alleging violations of the Double Jeopardy Clause. (Doc. 21 at 4; Doc. 25 at 3-4). *Menna* holds that a defendant

### 1. Petitioner's Failure to Exhaust is Not Excusable Under 28 U.S.C. § 2254(b)(1)(B). The Arizona Court of Appeals' Delay Does Not Violate Petitioner's Due Process Rights.

Under 28 U.S.C. § 2254(b)(1)(B), a federal court may issue a writ of habeas corpus despite a petitioner's failure to exhaust state court remedies if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." In *Coe v. Thurman*, 922 F.2d 528, 530-31 (9th Cir. 1990), the Ninth Circuit held that "since excessive delay in obtaining an appeal may constitute a due process violation, a prisoner need not fully exhaust his state remedies if the root of his complaint is his inability to do so." "[I]t would be meaningless to insist that petitioner exhaust his state remedies when the essence of his due process claim arises directly out of his inability to do so." *Id.* at 530 (quoting *Wheeler v. Kelly*, 639 F.Supp. 1374, 1378 (E.D.N.Y. 1986)).

Again, it is undisputed that the Petition for Review is pending before the Arizona Court of Appeals. Petitioner argues that the Arizona Court of Appeals' delay in ruling on his Petition for Review violates his due process rights. (Doc. 1 at 7). There is "no talismanic number of years or months" constituting unacceptable delay. *Coe*, 922 F.2d at 531. To determine when delay becomes excessive and thus a due process violation, four factors apply: "the [l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). These are commonly known as the "*Barker* factors." Each factor is analyzed below. However, none of the factors are "a necessary or sufficient condition" to the finding of a due process violation. *Coe*, 922 F.2d at 532 (quoting *Barker*, 407 U.S. at 533). "Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id.*

---

does not waive a double jeopardy claim by pleading guilty. *Id.* at 62.

### i. *Barker* Factors

#### a. Length of Delay

The Petition for Review was filed on December 22, 2014 and was fully briefed on February 13, 2015. In *Coe*, the Ninth Circuit found a four-year delay to be "alarming," but it has also observed that a two-year delay is not "extreme." *Coe*, 922 F.2d at 531; *Hamilton v. Calderon*, 134 F.3d 938, 939 (9th Cir. 2008). The undersigned finds that the delay in the disposition of the Petition for Review is not unusual or unacceptable. The first factor weighs against Petitioner.[6]

#### b. Reason for the Delay

Although extreme or unusual delays in state court can justify immediate federal review, the delay must be attributable to the state rather than to the petitioner. *Edelbacher v. Calderon*, 160 F.3d 582, 586-87 (9th Cir. 1998). The undersigned observes that Petitioner did not request any filing extensions in the Arizona Court of Appeals and filed two motions to accelerate the court's review. (Attachment 1). The undersigned cannot find that the delayed resolution of the Petition for Review is attributable to Petitioner. Instead, it appears that the delay is due to the Arizona Court of Appeals' caseload. "[D]elays by the court are attributable to the state." *Coe*, 922 F.2d at 531 (citing *Barker*, 407 U.S. at 531) ("the ultimate responsibility for such circumstances [as negligence or overcrowded courts] must rest with the government rather than with the defendant"). The second factor weighs in favor of Petitioner.

---

[6] In *Barker*, 407 U.S. at 530, the Supreme Court stated that "[t]he length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." In the speedy trial context, "courts have generally found delays approaching one year to be 'presumptively prejudicial.'" *United States v. Beamon*, 992 F.2d 1009, 1013 (9th Cir. 1993). Without deciding whether the length of the Arizona Court of Appeals' delay in this case is presumptively prejudicial, the undersigned has analyzed the remaining three *Barker* factors.

### c. Petitioner's Assertion of his Rights

The Arizona Court of Appeals' docket reflects that in April and May 2015, Petitioner inquired about the status of the Petition for Review. (Attachment 1). On May 13, 2015, Petitioner filed a Motion for Accelerated Disposition of Petition for Review. The court denied the Motion. On May 28, 2015, Petitioner filed a second Motion for Accelerated Disposition of Petition for Review. After the court denied the Motion, Petitioner moved for reconsideration. The record reflects that Petitioner has diligently pursued relief in state court. The third factor weighs in favor of Petitioner.

### d. Prejudice to Petitioner

Three factors apply when determining prejudice: (i) oppressive incarceration pending appeal; (ii) a petitioner's anxiety and concern awaiting the outcome of the appeal; and (iii) impairment of the petitioner's grounds for appeal or of the viability of his defense in the event of retrial. *Coe*, 922 F.2d at 532. Regarding the first factor, Petitioner's "incarceration would be unjustified and thus oppressive were the appellate court to find [his] conviction improper. If it affirms the conviction, however, the incarceration will have been reasonable." *Id*. (citing *United States v. Antoine*, 906 F.2d 1370, 1382 (9th Cir. 1990)).

Regarding the second factor, Petitioner has not shown that he has experienced any more anxiety and concern "than any other prisoner awaiting the outcome of an appeal." *Id*. (quoting *Antoine*, 906 F.2d at 1382-83).

Finally, Petitioner was convicted pursuant to a plea agreement. This case does not present a concern that the delay in the resolution of the PCR proceeding "will make it more difficult for [P]etitioner to refresh the memory of witnesses or locate new exculpatory evidence." *Id*. The undersigned does not find prejudice. The final *Barker* factor thus weighs against Petitioner.

### ii. Analysis

Although two of the *Barker* factors weigh in favor of Petitioner and two weigh against Petitioner, the *Barker* "factors have no talismanic qualities." *Barker*, 407 U.S. at

533. The undersigned finds that Petitioner has been diligent in asserting his rights in state court and the delay in resolving his Petition for Review is attributable to the state. However, the delay is not overly long and Petitioner is not suffering any cognizable prejudice. After considering the *Barker* factors and the totality of the circumstances, the undersigned does not find that the Arizona Court of Appeals' delay in deciding the Petition for Review constitutes a due process violation.

Based on the foregoing discussion, the circumstances of this case do not support excusing the exhaustion requirement under 28 U.S.C. § 2254(b)(1)(B). There is not an absence of state corrective procedures. The delay in the resolution of the of-right PCR proceeding is not so extreme or unusual so as to render the state corrective process ineffective. *See, e.g., Phillips v. Vasquez*, 56 F.3d 1030, 1038 (9th Cir. 1995) (delay of fifteen years, within "no end in sight"); *Coe*, 922 F.2d at 531 (discussing due process violation from delay of more than three years in appellate proceeding); *Hamilton*, 134 F.3d at 939 (less than two year period during which petitioner's sentence was under review by the California Supreme Court did not constitute extreme delay warranting federal intervention before entry of final judgment).

### 2. This Case Does Not Involve Exceptional Circumstances of Peculiar Urgency that Justify Dispensing with the Exhaustion Requirement

The exhaustion-of-state-remedies requirement may be excused "in rare cases where exceptional circumstances of peculiar urgency are shown to exist." *Hendricks v. Zenon*, 993 F.2d 664, 672 (9th Cir. 1993); *see also Urquhart v. Brown*, 205 U.S. 179, 182 (1907) (a federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the State," but such cases are "exceptional" and of "great urgency"). Exceptional circumstances have been found in cases that "involved interferences by the state authorities with the operations of departments of the general government" or "concerned the delicate relations of that government with a foreign nation." *United States ex. rel. Kennedy v. Tyler*, 269 U.S. 13, 19 (1925); *see also Cunningham v. Neagle*, 135 U.S. 1 (1890) (affirming federal court's issuance of writ of habeas corpus that discharged U.S. deputy marshal from state custody on a homicide

charge where the homicide was committed while the deputy marshal was performing his duty to protect Justice Field); *Thomas v. Loney*, 134 U.S. 372 (1890) (federal court properly issued writ of habeas corpus discharging a petitioner from state custody on a perjury charge for testimony given in a contested federal congressional election case); *Mali v. Keeper of the Common Jail*, 120 U.S. 1 (1887) (affirming issuance of writ of habeas corpus discharging a member of the crew of a foreign merchant vessel from state custody because the arrest was contrary to the provisions of an international treaty).

The Ninth Circuit Court of Appeals found "peculiar urgency" in *Hendricks v. Zenon*, 993 F.2d 664 (9th Cir. 1993). After holding that a state court denied a habeas petitioner's right to counsel on direct appeal, the Court ordered the state to grant the petitioner a new appeal. The Court recognized that by ordering the new appeal, it had "unexhausted" the remainder of the petitioner's federal Constitutional claims. However, the Court dispensed with the exhaustion requirement. The Court stated that, "were we to give the State a second bite at the apple, no doubt we would see Hendricks's federal Constitutional claims again years hence in a second petition should he lose on his appeal." *Id*. at 672. The Court further stated that "[b]ecause the State's failure to afford counsel to Hendricks on appeal is the cause of the situation, it could not be heard to object to this procedure." *Id*. In addition, the Court noted that the interests of federal-state comity had been served because the state had the first opportunity to examine the petitioner's federal claims as contemplated by 28 U.S.C.A. § 2254(b). *Id*.

Petitioner cites *Hendricks* to support his claim of urgency. (Doc. 21 at 3; Doc. 25 at 4). *Hendricks* is distinguishable from this case as the Court's dismissal of the Petition would not give the state a "second bite at the apple." To the contrary, the state has not had the first opportunity to examine Petitioner's constitutional claims.

To also support his contention that urgent circumstances exist, Petitioner asserts that the consecutive sentences on two of the counts and concurrent terms of lifetime probation on the remaining counts "constitute double jeopardy violations (both current and future) that cause wrongful restraint upon Petitioner's liberty." (Doc. 21 at 7).

Petitioner argues that his consecutive two-year sentences on counts 1 and 2 violates the Double Jeopardy Clause, and because he has served two years in prison, "there is an urgency to grant the appropriate relief . . . ." (*Id*. at 7-8). Yet every federal habeas petition properly filed under 28 U.S.C. § 2254 alleges that an individual is in state custody in violation of federal law. *See* 28 U.S.C. § 2254 (federal court shall entertain a habeas petition "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States"). Petitioner has failed to show that this is a rare case involving exceptional circumstances that warrant interference by this Court in a matter pending in state court.

## IV. CONCLUSION

Dismissal of the Petition is warranted under both the *Younger* abstention doctrine and the exhaustion-of-state-remedies doctrine. Accordingly,

**IT IS RECOMMENDED** that the Court grant Respondents' "Motion to Dismiss Habeas Petition for Containing Only Unexhausted Claims" (Doc. 19).

**IT IS FURTHER RECOMMENDED** that the Petition (Doc. 1) be dismissed without prejudice.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Petition is justified by a plain procedural bar and the undersigned finds that jurists of reason would not find it debatable whether the Court was correct in its procedural ruling.[7]

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P.

---

[7] "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 8th day of June, 2016.

_____
Eileen S. Willett
United States Magistrate Judge

# ATTACHMENT 1

Court of Appeals, Division One
Criminal Petition Review Post Conviction Relief

# 1 CA-CR 14-0852 PRPC                                                   STATE v. CASSISE

**Appellate Case Information**
Case Filed:    22-Dec-2014
Case Closed:

**Dept/Composition**

**Side 1. STATE OF ARIZONA, Respondent**
(Litigant Group) STATE OF ARIZONA

- State of Arizona

Attorneys for: Respondent
Karen Kemper, Esq. (AZ Bar No. 13368)

**Side 2. LOUIS JOSEPH CASSISE, Petitioner**
(Litigant Group) LOUIS JOSEPH CASSISE

- Louis Joseph Cassise                                   PRO SE

## CASE STATUS

Feb 11, 2015.....At Issue

| PREDECESSOR CASE(S) | Cause/Charge/Class | Judgment/Sentence | Judge, Role <Comments> | Trial | Dispo |
|---|---|---|---|---|---|
| MAR    CR2012-133428-001 | | | Cynthia Bailey, Judge on PC | | |

## CALENDAR

Friday         MOTION CALENDAR
26-Jun-2015    Department M;

File date: 6/26/2015...............Order Motion for Accelerated Deposition; Issued by Court of Appeal, Div. One, on 6/15/15 (Petitioner Pro Per)
DECISION RENDERED: See proceeding entry for ORDER dated 30-Jun-2015 for more information...

### 19 PROCEEDING ENTRIES

1.   22-Dec-2014    FILED:  Petition for Review From Denial of Rule 32 Petition for Post Conviction Relief (Petitioner Pro Per)

2.   22-Dec-2014    FILED:  Appendix (Petitioner Pro Per)

3.   29-Dec-2014    ORDERED:  Clerk of Maricopa County Superior Court to transmit record on appeal, including but not limited to reporter's transcripts and exhibits, to clerk, Court of Appeals, on/before 02/12/2015.  Ruth  Willingham - Author

4.   20-Jan-2015    FILED: State's Motion for Extension of Time to Respond to Petition for Review; Certificate of Service for State's Motion for Extension of Time to Respond to Petition for Review (Respondent)

5.   22-Jan-2015    ORDERED: State's Motion for Extension of Time to Respond to Petition for Review (Respondent) = GRANTED. Due date EXTENDED from Monday, 01-26-2015 to Wednesday, 02-25-2015   Anthony  Mackey  ProTem Judge - Author

6.   30-Jan-2015    FILED: State's Response to Petition for Review; Certificate of Service to State's Response to Petition for Review (Respondent)

7.   11-Feb-2015    FILED: e-Record on Appeal:
                    Instruments/Minute entries: combined
                    Disposition report: None
                    Exhibits: None

8.   13-Feb-2015    FILED:  Reply to State's Response to Petition for Review (PCR)(Petitioner Pro Per)

9.   30-Apr-2015    FILED:  Motion for Status (Petitioner Pro Per)

10.  7-May-2015     FILED:  Letter, 5/7/15, from Court to Petitioner re: Status

11.  13-May-2015    FILED:  Motion for Accelerated Disposition of Petition for Review (Appellant Pro Per)

**Court of Appeals, Division One**
**Criminal Petition Review Post Conviction Relief**

| 1 CA-CR 14-0852 PRPC | | | STATE v. CASSISE |
|---|---|---|---|

**19 PROCEEDING ENTRIES**

| # | Date | Entry |
|---|---|---|
| 12. | 19-May-2015 | ORDERED: Motion for Accelerated Disposition of Petition for Review (Appellant Pro Per) = DENIED.  Anthony  Mackey  ProTem Judge - Author |
| 13. | 28-May-2015 | FILED:  Motion for Accelerated Disposition of Petition for Review (Petitioner Pro Per) |
| 14. | 2-Jun-2015 | ORDERED: Motion for Accelerated Disposition of Petition for Review (Petitioner Pro Per) = DENIED.  Anthony  Mackey  ProTem Judge - Author |
| 15. | 11-Jun-2015 | FILED:  Untitled: Clarification and Motion for Reconsideration of Orders dated 5/19/15 and 6/2/15 (Petitioner Pro Per) |
| 16. | 12-Jun-2015 | FILED: Certificate of Mailing re: Untitled: Clarification and Motion for Reconsideration of Orders dated 5/19/15 and 6/2/15. |
| 17. | 15-Jun-2015 | ORDERED: Court has considered correspondence from petitioner re: Order denying motion for accelerated disposition. Petition will be considered in due course.   Fred  Cole  ProTem Judge - Author |
| 18. | 26-Jun-2015 | FILED:  Order Motion for Accelerated Deposition; Issued by Court of Appeal, Div. One, on 6/15/15 (Petitioner Pro Per) |
| 19. | 30-Jun-2015 | ORDERED: Order Motion for Accelerated Deposition; Issued by Court of Appeal, Div. One, on 6/15/15 (Petitioner Pro Per) = DENIED.   Anthony  Mackey  ProTem Judge - Author |