**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louis Joseph Cassise, | |
|     Petitioner, | No. CV-15-01281-PHX-PGR (ESW) |
| vs. | ORDER |
| Charles L. Ryan, et al., | |
|     Respondents. | |

    Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Willett (Doc. 27, filed June 8, 2016) in light of Petitioner's Objections to the Magistrate's Report and Recommendation (Doc. 28, filed June 20, 2016), the Court finds that the petitioner's objections should be overruled since the Court agrees with the Magistrate Judge that the respondents' Motion to Dismiss Habeas Petition for Containing Only Unexhausted Claims (Doc. 19, filed February 1, 2016) should be granted and that the petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2254, should be dismissed without prejudice.

    The petitioner pleaded guilty to ten counts of public sexual indecency; he was sentenced to consecutive two-years terms of imprisonment on two of the counts and concurrent terms of lifetime probation on the remaining counts. The petitioner filed

his of-right state petition for post-conviction relief on August 14, 2014, which the state trial court denied on November 25, 2014. He filed his notice of appeal to the Arizona Court of Appeals, No. 1 CA-CR 14-0852 PRPC, on December 22, 2014; that appeal is still pending. It is undisputed that all claims raised in the petitioner's federal habeas petition are unexhausted given that this action was filed prior to the resolution of the petitioner's state court appeal.

The Magistrate Judge initially recommends that the petitioner's habeas petition be dismissed pursuant to the abstention doctrine of <u>Younger v. Harris</u>, 401 U.S. 37 (1971), which recommendation the petitioner fails to object to in his Objections. The Court agrees with the Magistrate Judge that the <u>Younger</u> abstention doctrine requires that the Court dismiss the habeas petition because all three <u>Younger</u> requirements are satisfied here in that the state appellate proceeding was underway at the time this action was filed and remains ongoing, the state proceeding implicates important state interests, and it affords adequate opportunity to raise constitutional claims, and because there are no extraordinary circumstances present that justify the Court's interference with the state appellate process.

The Magistrate Judge also recommends that the habeas petition be dismissed on the additional ground that the petitioner had not exhausted his state court remedies prior to filing this action. The petitioner has objected to this portion of the Report and Recommendation. Although the Court need not even reach this issue due to its acceptance of <u>Younger</u> abstention, the Court agrees with the Magistrate Judge that the petitioner's undisputed failure to exhaust is not excusable under 28 U.S.C. § 2254(b)(1)(B).[1]

---

[1] Section 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court

The gist of the petitioner's objection to the Report and Recommendation is that his non-exhaustion of his state remedies is excused by the lengthy delay in the resolution of his state post-conviction relief petition. The petitioner's appeal has now been pending for some eighteen months. While an excessive delay in the state appellate process may render a state corrective process ineffective and thus waive the requirement for exhaustion of state remedies, there is "no talismanic number of years or months" that constitutes an unacceptable delay. Coe v. Thurman, 922 F.2d 528, 530-31 (9th Cir.1990). The Court agrees with the Magistrate Judge that the Arizona Court of Appeals' eighteen-month delay in adjudicating the petitioner's appeal does not excuse his non-exhaustion inasmuch as the Ninth Circuit has concluded that a state appellate court's delay of less than two years is not extreme enough to excuse the statutory exhaustion requirement. Hamilton v. Calderon, 134 F.3d 938, 939 (9th Cir.1998). *See also*, Gay v. Ayers, 262 Fed.Appx 826, 828 (9th Cir.2008) (Court concluded that a "nineteen-month period of delay does not weigh toward finding an exception" under §2254(b)(1)(B); Gooden v. Pima County Jail, 2014 WL 6907445, at *1 (D.Ariz. Dec. 8, 2014) ("This Court finds that a seventeen-month delay is not unusual or unacceptable and does not meet the threshold requirement of establishing undue delay" for purposes of § 2254(b)(1)(B)). The Court further agrees with the Magistrate Judge that the other Coe factors do not excuse the petitioner's non-exhaustion, and that this case does not involve any exceptional circumstances of peculiar urgency that justify dispensing with the exhaustion requirement. Therefore,

---

shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 27) is accepted and adopted in its entirety by the Court.

IT IS FURTHER ORDERED that the respondents' Motion to Dismiss Habeas Petition for Containing Only Unexhausted Claims (Doc. 19) is granted and that the petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is denied and that this action is dismissed without prejudice.

IT IS FURTHER ORDERED that no certificate of appealability shall issue and that leave to appeal *in forma pauperis* is denied because the dismissal of the petitioner's habeas petition is justified by a plain procedural bar and jurists of reason would not find the Court's procedural ruling debatable.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 28th day of June, 2016.

Paul G. Rosenblatt
United States District Judge